OPINION
{¶ 1} Defendant-Appellant, Michael W. Stuber ("Appellant") appeals from a conviction of the Lima Municipal Court for driving during suspension, in violation of R.C. 4507.02(B)(1). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} After noticing Appellant's motor vehicle traveling on a public road at approximately 2 a.m. on June 16, 2001, Deputy Laura Sibold observed the lights of the vehicle go dark and watched the vehicle turn onto a stone drive and proceed a distance to a multi-unit storage facility. Following and approaching the Appellant's vehicle with her own, Deputy Sibold ran a license plate check on the vehicle through LEADS ("Law Enforcement Automated Data System"). The check revealed that the driver's license of the vehicle's registered owner was suspended. Appellant was thereupon taken into custody and charged with operating a motor vehicle while under a driver's license suspension.
 {¶ 3} A bench trial on the charge was conducted in the Lima Municipal Court. At the conclusion of the evidence, which included the testimony of the arresting officer Deputy Laura Sibold, counsel for the Appellant made a motion to "dismiss" the charge pursuant to Crim. R. 29 claiming that the state failed to "show sufficient enough evidence to sustain a conviction." The court denied the Appellant's motion and the Appellant was found guilty of the aforementioned offense.
 {¶ 4} The Appellant now appeals asserting the following assignment of error for our review.
ASSIGNMENT OF ERROR NO. I
 {¶ 5} "The trial court erred to the prejudice of the Appellant herein, by finding Deputy Sibold had reasonable suspicion to conduct a warrentless seizure of Appellant in violation of Article I, Section 14 of the Ohio Constitution and theFourth Amendment of the U.S. Constitution."
 {¶ 6} It is Appellant's contention, apparently, that there would be insufficient evidence to sustain Appellant's conviction without the testimony and evidence provided by Deputy Sibold. Moreover, such testimony and evidence should be suppressed because the Deputy did not have reasonable suspicion to investigate and arrest Appellant.
 {¶ 7} However, Appellant never presented those issues in a timely manner in the trial court as is required by Crim. R. 12(C)(3), which provides:
 {¶ 8} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the of the general issue. The following must be
raised before trial:
 {¶ 9} "(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it wasillegally obtained. Such motions shall be filed in the trial court only.[1]
 {¶ 10} Furthermore, Crim. R. 12(H) provides that "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial * * * shall constitute waiver of the defenses or objections * * *."[2] Because the Appellant failed to request a motion to suppress, the issues asserted in his assignment of error are waived.[3]
 {¶ 11} It should be noted that the Appellant did attempt to raise a Crim. R. 29 "dismissal" at the conclusion of the state's presentation of the evidence. Crim. R. 29(A), however, is a motion for judgment of acquittal and is used when the evidence presented is insufficient to sustain a conviction. It is not a method for challenging evidence already admitted, and it does not go to the issue which defendant attempts to raise on appeal. "In order to challenge the legality of evidence obtained from an allegedly invalid arrest, a defendant must file a pre-trial motion to suppress pursuant to Crim. R. 12(B)(3). The Appellant did not file such a motion in this case and could not challenge the legality of the evidence by way of a motion to dismiss."[4]
 {¶ 12} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 Judgment affirmed. BRYANT, P.J., and WALTERS, J., concur.
[1] Emphasis added.
[2] Emphasis added.
[3] See, State v. Cline (Nov. 11, 1998), Henry App. Nos. 7-98-11, 7-98-12, "Cline did not object to the admission of any evidence introduced at trial on the basis that it was obtained following an arrest on insufficient probable cause. Therefore, because Crim. R. 12(B)(3) requires `motions to suppress evidence' to be `raised before trial' and `in the trial court only,' Cline has chosen neither the proper time or proper forum to raise this issue." See, also, State v. Spirito, (Sept. 19, 1996) Auglaize App. No. 2-96-10, "In this case, Defendant did not file any motions, pretrial or otherwise, requesting suppression of the test refusal evidence. Thus, any error Defendant asserts for suppression of evidence is waived."
[4] Marysville v. McLurg (July 22, 1986), Union App. No. 14-85-14.